# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| v. | Case No: 17-03106-01-CR-S-MDH |
| **TAUREEN L. LITTLE,** | |
| Defendant. | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through Timothy A. Garrison, United States Attorney for the Western District of Missouri, and Josephine M. Larison, Special Assistant United States Attorney, respectfully submits this sentencing memorandum in the above-captioned matter, set for a sentencing hearing on May 1, 2018. For the reasons set forth below, the Government recommends that this Court sentence the defendant to a sentence of 15 months imprisonment, followed by a three-year term of supervised release.

## I. BACKGROUND

On November 29, 2017, the defendant, Taureen L. Little, pleaded guilty before this Court to the sole count of the Indictment, charging him with possession of marijuana while in a federal correctional facility, in violation of 18 U.S.C. § 1791(a)(2), (b)(3) and (d)(1)(B). On March 7, 2018, the final Presentence Investigation Report (PSR, Doc. 17) was filed.

## II. LEGAL STANDARD

Although the Sentencing Guidelines are no longer mandatory, *United States v. Booker*, 543 U.S. 220 (2005), sentencing still begins with a properly calculated, advisory Sentencing Guidelines range. *See Gall v. United States*, 128 S. Ct. 586, 596 (2007); *Rita v. United States*, 127 S. Ct. 2456, 2464-65 (2007); *Booker*, 543 U.S. at 245-46; *United States v. Plaza*, 471 F.3d 928, 930 (8th

Cir. 2006). Next, the Court must decide if a traditional departure under the Guidelines is appropriate, thus creating an advisory Guidelines sentencing range. *Plaza*, 471 F.3d at 930. After calculating the advisory Guidelines range, the Court considers that range, along with all the factors listed in 18 U.S.C. § 3553(a), in arriving at the final sentence. *Kimbrough v. United States*, 128 S. Ct. 558, 564 (2007); *Plaza*, 471 F.3d at 930.

### III. DISCUSSION

**A.  Statutory and Guidelines Calculations**

   *1.  PSR Calculations*

The PSR writer determined the defendant's Guidelines imprisonment range to be 12 to 18 months, which must be imposed consecutive to the sentence he is currently serving, and a Guidelines supervised release term of one to three years. (PSR 11-12, ¶¶ 65, 66, 67 and 70.) The Government agrees with these calculations.

   *2.  Defendant's Objections*

The defendant's first objection does not affect the Guidelines and does not require a ruling by this Court.

The defendant's second objection is to the cross reference in U.S.S.G. § 2P1.2(c)(1) to U.S.S.G. § 2D1.1, and the resulting enhancement under 2D1.1(b)(4). The defendant objects to the enhancement because he believes the cross reference in the first sentence only applies if he was convicted under 18 U.S.C. § 1791(a)(1) and is punishable under 18 U.S.C. § 1791(b)(1) as referenced in the second sentence. That is incorrect. The cross reference to § 2D1.1 applies if the object of the offense was the distribution of a controlled substance. The cross reference reads, in full:

> If the object of the offense was the distribution of a controlled substance, apply the offense level from §2D1.1 (Unlawful Manufacturing, Importing, Exporting, or

> Trafficking; Attempt or Conspiracy). *Provided*, that if the defendant is convicted under 18 U.S.C. § 1791(a)(1) and is punishable under 18 U.S.C. § 1791(b)(1), and the resulting offense level is less than level 26, increase to level 26.

The second sentence of the cross reference, which references sections 1791(a)(1) and (b)(1), criminalizes providing to an inmate a narcotic drug, methamphetamine, its salts, isomers, and salts of its isomers, lysergic acid diethylamide, or phencyclidine. The statutory range for that crime is punishment of up to 20 years imprisonment. The second sentence of the cross reference also sets forth a Guidelines minimum base offense level of 26 if the cross reference base offense level is lower.

The defendant is not charged under 18 U.S.C. § 1791(a)(1), nor is he charged with possession of any of the items listed in § 1791(d)(1)(C), both of which would have to be present to trigger the punishment under § 1791(b)(1) and yield the minimum base offense level of 26. That second sentence appears to be in place to punish someone who is charged with providing any of the above listed items to an inmate. However, the first sentence of the cross reference is independent from the second.

*United States v. Carlton*, 593 F. App'x 346, 348 (5th Cir. 2014) is factually similar to this case and though it is a Fifth Circuit case, provides some useful guidance. As in *Carlton*, the defendant here was incarcerated at the time of the offense, and convicted of receiving marijuana in the visiting area that he then ingested. *Id.* Like the defendant, Carlton was convicted of 18 U.S.C. § 1791(a)(2), possessing contraband in prison. *Id.* at 347.

The PSR writer in *Carlton* recommended that the Court apply the enhancement in § 2D1.1(b)(4). *Id.* The district court applied the enhancement over the defendant's objection based on purported testimony that the woman who brought him the marijuana said that she did so for him to pay off a debt in prison (this testimony was later determined to not be in the record, but

3

this did not alter the case on appeal because Carlton could not prove plain error). *Id.* On appeal, Carlton asserted that the enhancement did not apply because he had been convicted only of possession of contraband. *Id.* The court disagreed and found that was a too narrow reading of the plain language of § 2P1.2(c)(1) and § 2D1.1(b)(4), because, by their plain language, they do not limit the application of the provisions to the offense of providing contraband under § 1791(a)(1). *Id.*

The cross reference should apply and the enhancement in § 2D1.1(b)(4) should apply based on the evidence that the defendant was obtaining contraband to distribute in prison.

**B.** **Statutory Sentencing Factors**

This Court must "impose a sentence sufficient, but not greater than necessary" to address the factors enumerated in 18 U.S.C. § 3553, including the relevant portions of the United States Sentencing Guidelines. These factors include:

*1. Nature and Circumstances of the Offense and History and Characteristics of the Defendant*

Possession of contraband in prison is a serious offense. It endangers others in prison, exposes staff to the dangers inherent in inmates using controlled substances and protecting valuable commodities, and constitutes a blatant disregard for the rules in a place where the whole point is to learn to follow the rules. Operation of a drug dealing operation inside of a federal prison is an offense that demands a punishment commensurate with the crime.

The defendant has a long history of involvement with drug distribution. (PSR 5-7, ¶ 20, 21, 25, 26, and 29.) He appears to have been a cocaine and heroin dealer and was in and out of prison from 2001 until he was finally sent to federal prison for being a felon in possession of a firearm in 2013. (PSR 8, ¶ 29.) It is clear that the defendant's involvement in drug distribution is

a way of life for him. For his continued drug distribution activity in prison, he deserves to be punished and to suffer an additional loss of freedom.

> 2. *Need to Promote Respect for the Law, Need to Afford Adequate Deterrence to Criminal Conduct, and Need to Protect the Public from Further Crimes of the Defendant*

Continuing with criminal activity while in prison is really the ultimate nose-thumbing at the rule of law. A Guidelines sentence is necessary to promote respect for the law by imposing a punishment for this crime.

There is, in this case, a very real general deterrent to other defendants who might engage in similar activity to be demonstrated by a sentence that will keep the defendant in prison past his original release date. This sentence will also be a specific deterrent to this defendant, who, having been caught, will hopefully think twice about getting back into his previous business in prison.

That same sentence seems to be the only thing that might protect the public from this defendant. Whether in prison or out, he has shown himself to be an incorrigible drug dealer. The additional loss of freedom should be enough incentive keep him from what he was doing in prison so he does not have to stay even longer, but will also at least delay him from dealing the heroin and cocaine that he turns to the sale of when he is not in custody.

> 3. *Need to Provide the Defendant with Education, Vocational Training, or Other Correctional Treatment*

The defendant has already completed the RDAP program. He has been in prison long enough to have availed himself of the opportunities there. This sentence should not consider additional opportunities for him.

## IV. CONCLUSION

Section 18 U.S.C. § 3553 requires this Court to impose a sentence that considers the factors above, including the advisory Guidelines range. The Government respectfully suggests that the defendant's behavior and history, the need to promote respect for the law, the need to protect the public from the defendant, and any other statutory sentencing factors be considered in reaching an appropriate sentence.

The Government respectfully requests that this Court impose a 15-month sentence of imprisonment.

Respectfully submitted,

TIMOTHY A. GARRISON
United States Attorney

*/s/ Josephine M. Larison*
JOSEPHINE M. LARISON, Mo. Bar #63956
Special Assistant United States Attorney
Western District of Missouri
901 St. Louis Street, Suite 500
Springfield, Missouri 65806
(417)831-4406

## CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of April, 2018, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent e-mail notification of such filing to all CM/ECF participants in this case.

*/s/ Josephine M. Larison*
JOSEPHINE M. LARISON